**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

**IN RE: SIMPLY ORANGE ORANGE**
**JUICE MARKETING AND SALES**
**PRACTICES LITIGATION**

This Document Relates To: ALL CASES

MDL No. 2361

Master Case No. 4:12-md-02361-FJG

## <u>ORDER</u>

Pending before the Court are (1) Defendant's Motion for Summary Judgment (Doc. No. 108), (2) Defendant's Motion to Strike the Expert Reports and Testimony of Dan Kimball and John Specchio (Doc. No. 113); (3) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 115); and (4) Plaintiffs' Motion to Strike Certain Testimony of Russell Rouseff (Doc. No. 120). Also before the Court is Plaintiffs' Affidavit in Support of a Continuance and Discovery Pursuant to Rule 56 (Doc. No. 136).

On April 3, 2015, the Court held oral argument on the pending motions for summary judgment. On April 17, 2015, the parties filed supplemental memoranda regarding their pending motions for summary judgment, including written responses to the oral arguments made by opposing counsel. <u>See</u> Defendant's Supplemental Memorandum (Doc. No. 151) and Plaintiffs' Supplemental Memorandum (Doc. No. 152).

Upon consideration of the arguments made in the above-cited motions and related briefs, as well as those arguments made on April 3, 2015, the Court finds that additional discovery is needed before it can make a ruling, as the specific composition of the "modified orange oil" add-back in defendant's products is unclear from the record.

Therefore, plaintiffs' request for additional discovery (Doc. No. 136) is **GRANTED**. Plaintiffs will be allowed to seek limited discovery (both written discovery and 30(b)(6) depositions) from both Coca-Cola and its third-party suppliers (Firmenich and Givaudan) as to the process used to modify ordinary orange oil into the "modified orange oil" added to the products. Plaintiffs will also be allowed to seek discovery from both Coca-Cola and its third-party suppliers (Firmenich and Givaudan) as to the source of the contents of the "modified orange oil," including the source of the ethyl butyrate fraction added to same. However, to the extent plaintiffs seek discovery concerning their marketing claims (see Doc. No. 152, p. 15), that request will be deferred until the Court has made a determination about preemption.

Although plaintiffs request 90 days to conduct this discovery (see Doc. No. 136, ¶ 14), the Court **ORDERS** the parties to complete this discovery on an expedited basis so that this issue can be put to rest. The parties are to complete discovery as to the composition and contents of the "modified orange oil" on or before **June 23, 2015**. If the parties believe additional time to be necessary, they are directed to file a motion, setting forth in specific detail why additional time is needed and providing a detailed schedule for completion of all discovery tasks. The parties are cautioned that such a request will not automatically be granted.

Furthermore, given that additional discovery is needed prior to considering the remaining pending motions (Doc. Nos. 108, 113, 115, and 120), the Court finds that the motions to strike experts and motions for summary judgment should be **DENIED WITHOUT PREJUDICE** to supplementation upon completion of the expedited discovery. Once discovery is complete, the Court will reopen the motions for summary judgment and motions to strike expert testimony and will set deadlines for filing supplements to same.

**IT IS SO ORDERED.**

Date:  April 23, 2015                                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                 Fernando J. Gaitan, Jr.
                                                      United States District Judge