IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SIMPLY ORANGE ORANGE JUICE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates To: ALL CASES | MDL No. 2361<br><br>Master Case No. 4:12-md-02361-FJG |

## ORDER

Reopened and pending before the Court are (1) Defendant's Motion for Summary Judgment (Doc. No. 108), (2) Defendant's Motion to Strike the Expert Reports and Testimony of Dan Kimball and John Specchio (Doc. No. 113); (3) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 115); and (4) Plaintiffs' Motion to Strike Certain Testimony of Russell Rouseff (Doc. No. 120).

On April 3, 2015, the Court held oral argument on the pending motions for summary judgment. On April 17, 2015, the parties filed supplemental memoranda regarding their pending motions for summary judgment, including written responses to the oral arguments made by opposing counsel. See Defendant's Supplemental Memorandum (Doc. No. 151) and Plaintiffs' Supplemental Memorandum (Doc. No. 152). On April 23, 2015, the Court entered an order directing the parties to complete expedited discovery regarding the specific composition of the "modified orange oil" add-back in defendant's products. The Court also allowed plaintiffs to seek discovery into the process used by defendant and its third-party suppliers to create the "modified

orange oil," as well as the source of the contents of the "modified orange oil," including the source of the ethyl butyrate fraction. Following this expedited discovery, the parties filed supplemental suggestions in support and opposition to the previously filed motions (supplemental suggestions are found at Doc. Nos. 171, 172, 173, 174, 173, 176, 177, 179, 180, and 181).

The Court held supplemental oral argument on the pending motions for summary judgment and motions to strike experts on January 22, 2016. Upon consideration of all the contents of the above-referenced documents and any suggestions in opposition or reply thereto, as well as arguments made at both the April 3, 2015 and January 22, 2016 hearings, the Court is convinced that questions of material fact remain, precluding summary judgment. Specifically, the Court finds that questions remain as to whether orange essence oil should be considered orange oil or orange essence under the relevant FDA regulations. Additionally, the Court finds that questions remain as to whether the processing of the oil and/or flavor components in all defendants' orange juice products makes those components into something other than ordinary orange oil or essence which must be disclosed on the products' labels. Given the questions remaining, both parties' motions for summary judgment (Doc. Nos. 108 and 115) must be **DENIED.**

Additionally, the Court finds that any ruling on the motions to strike expert testimony would be premature given the questions of fact remaining in this case. Therefore, those motions (Doc. Nos. 113 and 120) are **DENIED** as well.

In plaintiffs' presentation to the Court on January 22, 2016, they suggested the next phase of the case should focus on discovery and experts, including (1) discovery

on the purpose and design of the flavors; (2) sales and marketing discovery; and (3) expert disclosures and depositions regarding marketing and damages.  The Court notes that the plaintiffs' proposals do not mention class certification, which seems to be another looming issue in this matter.  The Court **ORDERS** the parties to meet and confer to develop a Joint Proposed Discovery Plan, which shall be filed with the Court **on or before February 26, 2016**. If the parties cannot agree on particular aspects of the Proposed Plan, they should file a statement indicating the aspects upon which they disagree and setting forth their respective positions.

    **IT IS SO ORDERED.**

Date:  February 8, 2016                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                         United States District Judge