**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **IN RE: SIMPLY ORANGE ORANGE JUICE MARKETING & SALES PRACTICES LITIGATION**<br><br>This document relates to: ALL ACTIONS | MDL No. 2361<br><br>Master Case No. 4:12-MD-02361-FJG |

# THE COCA-COLA COMPANY'S SUGGESTIONS IN SUPPORT OF MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER


*Attorneys for Defendant The Coca-Cola Company:*

Steven A. Zalesin
Travis J. Tu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336-2000
Fax: (212) 336-2222

John K. Sherk, MO Bar No. 35963
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Phone: (816) 559-2304
Fax: (816) 421-554

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 3

ARGUMENT ........ 5

I. THE COURT SHOULD RECONSIDER ITS CONCLUSION THAT ABSENT CLASS MEMBERS NEED NOT HAVE SUFFERED INJURY-IN-FACT ........ 5

II. THE COURT SHOULD RECONSIDER ITS FINDING THAT THE REQUIREMENTS OF RULE 23(c)(4) ARE MET ........ 8

III. THE COURT SHOULD RECONSIDER ITS CONCLUSION THAT THE CLASSES ARE ASCERTAINABLE ........ 11

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avritt v. Reliastar Life Ins. Co.*,
615 F.3d 1023 (8th Cir. 2010) ....................5, 7

*Conrod v. Davis*,
120 F.3d 92 (8th Cir. 1997) ....................5

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)....................5

*In re Gen. Am. Life Ins. Co. Sales Practices Litig.*,
391 F.3d 907 (8th Cir. 2004) ....................11

*Grovatt v. St. Jude Med., Inc.*,
522 F.3d 836 (8th Cir. 2008) ....................2, 8, 9, 11

*Halvorson v. Auto-Owners Ins. Co.*,
718 F.3d 773 (8th Cir. 2013) ....................5, 7

*Int'l Envtl. Mgmt. v. United Corp. Servs.*,
2016 U.S. Dist. LEXIS 44334 (W.D. Mo. Mar. 31, 2016)....................5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998)....................10

*Marcus v. BMW of N. Am., LLC*,
687 F.3d 583 (3d Cir. 2012)....................11

*McKeage v. TMBC, LLC*,
847 F.3d 992 (8th Cir. 2017) ....................2, 11

*Prado-Steiman v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ....................4

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
821 F.3d 992 (8th Cir. 2016) ....................2, 11

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976)....................7

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)....................2, 6, 7

*In re Tetracycline Cases*,
107 F.R.D. 719 (W.D. Mo. 1985)....................9, 10

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*True v. ConAgra Foods, Inc.*,
2011 U.S. Dist. LEXIS 6770 (W.D. Mo. Jan. 4, 2011) ....................11

*Wallace v. ConAgra Foods, Inc.*,
747 F.3d 1025 (8th Cir. 2014) ....................7, 8

**Statutes and Rules**

28 U.S.C. § 1407(a) ....................10

Fed. R. Civ. P. 23(b)(2) ....................1, 3

Fed. R. Civ. P. 23(b)(3) ....................1, 3, 9

Fed. R. Civ. P. 23(c)(1)(C) ....................5

Fed. R. Civ. P. 23(c)(4) .................... *passim*

Fed. R. Civ. P. 54(b) ....................5

Defendant The Coca-Cola Company ("Coca-Cola') respectfully submits these suggestions in support of its motion for reconsideration of the Court's July 24, 2017 Order granting in part Plaintiffs' motion for class certification (the "Order"). (Dkt. No. 327.) Specifically, Coca-Cola requests that the Court reconsider its decision to certify issues classes pursuant to Federal Rule of Civil Procedure 23(c)(4).

## PRELIMINARY STATEMENT

In the Order, the Court determined that the requirements of a Rule 23(b)(2) injunctive relief class cannot be met in this multi-district litigation ("MDL") because the named Plaintiffs are at no imminent risk of future harm from Coca-Cola's failure to disclose the use of purported added flavors in its orange juice products. The Court further determined that the requirements of a Rule 23(b)(3) damages class cannot be met because individual issues of causation, reliance, materiality, injury and damages predominate over any issues common to the class. These rulings were legally correct, well-reasoned, and amply supported by the evidentiary record on class certification.

Notwithstanding these rulings, the Court certified classes of consumers in each of seven states pursuant to Federal Rule of Civil Procedure 23(c)(4) on the issue of whether Coca-Cola's products are lawfully labeled. Coca-Cola respectfully submits that this aspect of the Court's Order was incorrect. On August 7, 2017, Coca-Cola filed a petition with the Eighth Circuit seeking permission to file an interlocutory appeal of the Order pursuant to Rule 23(f), to which Plaintiffs have not yet responded.

Coca-Cola's Rule 23(f) petition identifies three errors in the Court's decision to certify Rule 23(c)(4) issues classes. Whether or not the Eighth Circuit grants Coca-Cola's petition, however, this Court should reconsider these issues.

***First***, the Court should reconsider its decision to certify classes of all purchasers of Simply Orange ("Simply") and Minute Maid Pure Squeezed ("MMPS") in spite of the fact that many absent class members lack Article III standing because they received orange juice that did not contain the disputed add-backs. Plaintiffs invited the Court to err by arguing that a footnote in the Supreme Court decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), silently overruled Eighth Circuit precedent holding that a class cannot be certified unless all members have Article III standing. *Spokeo*, however, held no such thing.

***Second***, the Court should reconsider its decision to certify Rule 23(c)(4) issues classes when myriad separate trials will inevitably be necessary to adjudicate each individual class member's state-law claims. The parties devoted less than four pages combined of their class certification briefs to the requirements of a Rule 23(c)(4) issues class. For their part, Plaintiffs did not acknowledge—let alone distinguish—the leading case on Rule 23(c)(4) certification in this Circuit: *Grovatt v. St. Jude Medical, Inc*., 522 F.3d 836 (8th Cir. 2008). *Grovatt* held that certification of a Rule 23(c)(4) issues class is improper when separate trials will be necessary to adjudicate individual issues such as reliance, injury and damages. Certification of Rule 24(c)(4) issues classes should have been denied under a straightforward application of *Grovatt*.

***Third***, the Court should reconsider its conclusion that the certified classes are ascertainable because class members can self-identify by affidavit. Self-identification is not in accord with Eighth Circuit precedent holding that classes must be ascertainable by reference to objective criteria. *See Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 997 (8th Cir. 2016); *McKeage v. TMBC, LLC*, 847 F.3d 992, 998–99 (8th Cir. 2017).

For these reasons, Coca-Cola respectfully requests that the Court reconsider and vacate the portion of its Order certifying Rule 23(c)(4) issues classes.

## BACKGROUND

In October 2016, Plaintiffs moved to certify seven state-specific classes of all consumers who purchased Simply orange juice in their respective states on the sole theory that Coca-Cola purportedly adds undisclosed flavors to its juice in violation of U.S. Food and Drug Administration regulations and, by extension, state consumer-protection laws. Plaintiffs also moved to certify classes of all consumers who purchased MMPS and Minute Maid Premium ("Premium") in one state, Alabama, on this same theory. (Dkt. No. 280.)

In their suggestions in support of class certification, Plaintiffs requested certification of injunctive classes under Rule 23(b)(2) and damages classes under Rule 23(b)(3). (Dkt. No. 281.) Plaintiffs devoted less than three pages of their opening suggestions to an alternative request for certification of issues classes under Rule 23(c)(4), and made no mention of Rule 23(c)(4) certification in their reply suggestions. (*Id.* at 33–35; Dkt. No. 316.)

On July 24, 2017, the Court denied Plaintiffs' request for injunctive classes under Rule 23(b)(2) and damages classes under Rule 23(b)(3). The Court first determined that an injunctive class cannot be certified because the named Plaintiffs are "already on notice of defendant's practices" and have no intent to purchase Coca-Cola's orange juice again. (Order at 14.) Because they are not at risk of imminent future harm, the Court correctly held that the named Plaintiffs lack Article III standing to pursue injunctive relief. (*Id.*)

The Court next determined that a damages class cannot be certified because Plaintiffs failed to "show[] that common issues predominate" over individual ones. (*Id.* at 16.) The Court found that key elements of Plaintiffs' state-law claims will invariably require individualized proof, including "reliance, materiality, and/or causation." (*Id.*) The Court also found that Plaintiffs failed to prove that "damages in this matter can be established through common evidence." (*Id.*) To the contrary, the Court credited "considerable evidence" proffered by Coca-

Cola demonstrating that Plaintiffs' proposed damage models were "flawed" because, *inter alia*, they relied on a "biased" survey and did not account for market factors that influence the price of orange juice in the real world, "such as cost of the underlying goods, competition, and strategic pricing." (*Id.* at 16–17.)

The Court nevertheless granted Plaintiffs' request for certification of issues classes under Rule 23(c)(4). The Court identified six issues that it viewed as "central" to the Plaintiffs' claims and common to the class:

> whether the orange juice products contain added flavors not permitted by federal law; whether the orange juice products omit disclosure of added flavors as required by federal labeling laws; whether the orange juice products conformed to the representations on the labels of the products; whether the orange juice products omitted material information from the products' labels; whether defendant warranted that the orange juice products would conform to the label representations; and whether defendant breached these warranties.

(*Id.* at 16.) Believing that these questions can be "answered in a 'single stroke'" (*id.* at 18), the Court reasoned that certifying Rule 23(c)(4) issues classes and "[c]oncentrating the litigation in this forum makes sense, as this Court is already quite familiar with the facts underlying the common questions identified above" (*id.* at 19).

On August 7, 2017, Coca-Cola filed a petition with the Eighth Circuit seeking permission to file an interlocutory appeal of the Court's class certification Order pursuant to Rule 23(f).[1] In support of its petition, Coca-Cola discussed each of the arguments raised in this motion. However, because "district courts should be encouraged rather than discouraged from reassessing whether the prerequisites of Rule 23 exist and whether a class action is the most efficacious way to resolve the dispute," *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir. 2000), Coca-Cola has also filed this timely motion for reconsideration.

[1] Plaintiffs' response to Coca-Cola's Rule 23(f) petition is due August 30, 2017.

## ARGUMENT

An order "denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978). As a result, a class certification order may be revised "at any time" prior to final judgment. Fed. R. Civ. P. 54(b); *see also* Fed. R Civ. P. 23(c)(1)(C) (class certification order "may be altered or amended before final judgment"). Moreover, when a "district court believes that an earlier decision was reached in error," it has the inherent authority to "revist the decision" in order to "avoid later reversal," *Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997), or "to correct any clearly or manifestly erroneous findings of facts or conclusions of law," *Int'l Envtl. Mgmt. v. United Corp. Servs.*, 2016 U.S. Dist. LEXIS 44334, at *4–5 (W.D. Mo. Mar. 31, 2016) (Gaitan, J.).

### I. THE COURT SHOULD RECONSIDER ITS CONCLUSION THAT ABSENT CLASS MEMBERS NEED NOT HAVE SUFFERED INJURY-IN-FACT

The Eighth Circuit has previously held that a "class cannot be certified if it contains members who lack standing," *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010), and that the "irreducible constitutional minimum" of Article III requires that "each member" of a class "have standing and show an injury in fact," *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778–79 (8th Cir. 2013).

The classes of all Simply and MMPS purchasers the Court certified do not comport with Article III because, as the Court acknowledged in its Order, these products did not consistently contain the add-backs whose non-disclosure Plaintiffs contend is unlawful.[2] (Order at 5, 8.) In

[2] The Court's observation that all purchasers of Premium received orange juice that contained add-backs was accurate (Order at 6), but certification of a Rule 23(c)(4) issues class specific to Premium purchasers would not materially advance this litigation as a whole. Premium is a from-concentrate orange juice product, and its manufacture is governed by different regulations than not-from-concentrate orange juice products such as Simply and MMPS. Moreover, whereas the named Plaintiffs purport to represent Simply purchasers in seven states, only one named Plaintiff (Albert Veal) from one state (Alabama) sought certification of a class of Premium purchasers.

other words, even accepting Plaintiffs' theory of liability, the classes include countless consumers who received orange juice that contained no added flavors, suffered no injury-in-fact, and lack Article III standing.

The Court rejected Coca-Cola's Article III argument in its Order and accepted Plaintiffs' contention—raised for the first time in its reply suggestions in support of class certification (Dkt. No. 316 at 2)—that the Supreme Court decision in *Spokeo* silently overruled the Eighth Circuit's well-settled requirement that each class member have standing. In the Court's view, *Spokeo* held that "Article III standing does not need to be shown for every potential class member," and that it is sufficient that the "named plaintiffs who [seek to] represent a class . . . personally have been injured." (Order at 6.)

Because this issue was only raised on reply, Coca-Cola did not have an opportunity to explain in its briefing that Plaintiffs' interpretation of *Spokeo* is manifestly incorrect. In *Spokeo*, the named plaintiff alleged that the defendant had published incorrect information about him on the Internet in violation of the Fair Credit Reporting Act. 136 S. Ct. at 1545–46. The Supreme Court held that the named plaintiff lacked standing because he did not suffer "concrete harm" as a result of the defendant's "bare procedural violation" of the statute. *Id.* at 1549. In the footnote relied upon by Plaintiffs and cited in the Order, *Spokeo* rejected the named plaintiff's contention that, even if *he* suffered no "concrete harm," it was sufficient that *other members* of the putative class had: "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Id.* at 1547 n.6.

This footnote means only that named plaintiffs who themselves suffered no injury cannot manufacture standing based upon injuries to absent class members. It does not mean that classes

can be certified where innumerable members of the class clearly lack standing. The *Spokeo* Court did not consider that issue, let alone overrule the Eighth Circuit's decisions in *Avritt* and *Halvorson* that class certification in such circumstances violates Article III.[3] Coca-Cola respectfully submits that the Court should reconsider its class certification Order for this reason alone.

In addition to endorsing Plaintiffs' misreading of *Spokeo*, the Court's Article III discussion acknowledged Plaintiffs' contention that all purchasers of Simply and MMPS suffered an injury-in-fact because the products' labels are "unreliable as to whether flavors have been added" and consumers paid a "price premium" as a result of this uncertainty. (Order at 6.) Insofar as the Court credited this "price premium" theory of classwide injury, this, too, was error because the Eighth Circuit expressly rejected it in *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025 (8th Cir. 2014).

In *Wallace*, the plaintiffs challenged the statement "100% strictly kosher" on labels for Hebrew National hot dogs. *Id.* at 1030. This representation was alleged to be false as to "some packages" of hot dogs, but it was true as to others. *Id.* Because only a subset of the putative class received hot dogs that were misrepresented, the plaintiffs "pin[ned] their Article III hopes" on the theory that all purchasers ran the risk of receiving non-kosher hotdogs and paid a "premium price" as a result. *Id.* The Eighth Circuit found that consumers who received hot dogs that "were not actually kosher" had standing because, in theory, they received a product that was inferior to what was represented. *Id.* But consumers whose hot dogs contained only kosher beef suffered no Article III injury—"price premium" or otherwise—because they got "exactly what

---

[3] The relevant footnote in *Spokeo* block-quoted a 40-year-old Supreme Court decision, *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976), which recognized that named plaintiffs cannot rely on injuries suffered by absent class members to establish Article III standing. Notwithstanding *Simon*, the Eighth Circuit has time and again held that each member of a class must have suffered injury-in-fact. *Spokeo*'s reiteration of *Simon*'s decades-old holding did not change the law.

was promised." *Id* at 1031.

The same is true here. Even if consumers purchased Simply or MMPS based upon a belief that it contains no added flavors, class members who received orange juice that did not contain the disputed add-backs suffered no injury under *Wallace*. Plaintiffs cannot overcome this Article III problem by resort to a "price premium" theory because class members who willingly paid the advertised price for Simply and MMPS, and who received orange juice with no added flavors, got "exactly what was promised." *Id.* at 1031.

The Court discussed *Wallace* in its class certification Order, but only in reference to the *named* Plaintiffs' standing. (Order at 6.) The Court found that, because some of the named Plaintiffs were repeat purchasers of Simply and MMPS, the likelihood that one of them purchased a unit of orange juice that contained the disputed add-backs is greater than the likelihood that the named plaintiffs in *Wallace* purchased a unit of hot dogs that contained non-kosher beef. (*Id.* at 6.) But the relevant question at class certification is not merely whether the named Plaintiffs have standing to sue in their individual capacities, but whether the classes contain any members who lack standing. Because add-backs were not used consistently in Simply and MMPS, the answer to that question is indisputably "yes." The Court should reconsider its Article III ruling for this reason as well.

## II. THE COURT SHOULD RECONSIDER ITS FINDING THAT THE REQUIREMENTS OF RULE 23(c)(4) ARE MET

The Court should also reconsider its finding that the requirements of Rule 23(c)(4) issue certification are met. As discussed above, this issue received little discussion in the parties' suggestions on class certification, and Plaintiffs did not address *Grovatt v. St. Jude Medical, Inc.*—the Eighth Circuit's leading decision on Rule 23(c)(4) certification. Perhaps for this reason, the Court's class certification Order did not address *Grovatt* either.

*Grovatt* was a consumer-fraud case in which the named plaintiffs alleged they were misled regarding the safety features of a prosthetic heart valve. 522 F.3d at 837. The district court in *Grovatt* certified a Rule 23(b)(3) damages class, but the Eighth Circuit reversed, holding that "individual issues" regarding the defendant's alleged misrepresentations, reliance and damages predominated over issues common to the class. *Id.* at 838–39. The Eighth Circuit then went on to hold that a Rule 23(c)(4) issues class could not be certified for the same reasons. As the Eighth Circuit explained, when it is clear "that individual issues . . . must be litigated to resolve the plaintiffs' claims," certification of an issues class does not "increase the efficiency of the litigation" and is improper. *Id.* at 841.

*Grovatt* applies with equal force here. Like the Eighth Circuit in *Grovatt*, this Court determined that a Rule 23(b)(3) damages class cannot be certified because individual issues regarding "reliance," "materiality," "causation," and "damages" are not susceptible to "common evidence." (Order at 16.) This Court further found that all of these "elements of plaintiffs' underlying state law claims" would need to be separately tried to determine each individual's entitlement to relief. (*Id.*) *Grovatt* teaches that certification of a Rule 23(c)(4) issues class in these circumstances is improper because, even if certain liability questions are common to the class, resolution of these questions will not materially advance the litigation when each class member's entitlement to relief will ultimately "be dominated by individual issues." 522 F.3d at 840.

Rather than the Eighth Circuit's controlling decision in *Grovatt*, the Court rested its reasoning on *In re Tetracycline Cases*, 107 F.R.D. 719 (W.D. Mo. 1985), a non-precedential 30-year-old products liability case. The Court's reliance on *Tetracycline Cases* to certify Rule 23(c)(4) issues classes, however, was misplaced. In fact, the district court in that case ultimately

*denied* certification of a Rule 23(c)(4) issues class.

Specifically, the district court in *Tetracycline Cases* held that certification of an issues class under Rule 23(c)(4) was *not* superior to individual trials because, while certain issues were unquestionably common to the class, resolution of these common issues would not "provide a definite signal of the beginning of the end" of the litigation and leave only "details" to "be tidied up thereafter." *Id.* at 733. The same is true here. Even if Plaintiffs could establish that Coca-Cola's orange juice has sometimes contained undisclosed added flavors, that would not be the "beginning of the end" of this litigation. Each individual would still need to come forward to prove not only that she purchased a mislabeled product, but also reliance, causation, materiality, and damages—issues that this Court correctly held are not susceptible to classwide proof.

Rather than conduct the superiority analysis recommended by *Tetracycline Cases*, this Court concluded that certification of Rule 23(c)(4) issues classes would be superior because the Court is "already quite familiar with the facts underlying the common questions" so "[c]oncentrating the litigation in this forum makes sense." (Order at 19.) However, the premise underlying this conclusion—i.e., that this Court will decide the certified issues—is not correct. In fact, the MDL statute directs that each case that was originally transferred to this Court "for coordinated or consolidated *pretrial* proceedings . . . *shall be remanded*" to the court in which it was originally filed for trial. 28 U.S.C. § 1407(a) (emphasis added); *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) (the MDL statute "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course"). Each of the issues classes the Court certified, therefore, must be remanded back to its home state where courts that lack this Court's familiarity with the underlying facts will preside over separate trials of the certified issues.

In sum, the Court's decision to certify Rule 23(c)(4) issues classes is contrary to *Grovatt*, and the efficiencies the Court perceived in certifying these classes will not be realized in light of the procedures mandated by the MDL statute. For these reasons, the Court should reconsider its Rule 23(c)(4) certification ruling.

## III. THE COURT SHOULD RECONSIDER ITS CONCLUSION THAT THE CLASSES ARE ASCERTAINABLE

Finally, the Court should reconsider its decision that the certified classes are ascertainable through self-identyfing affidavits. In its Order, this Court acknowledged that "no court in this Circuit has ever accepted self-identification as a means of identifying members of a proposed class," but noted that "cases from outside this jurisdiction"—including in some of the named Plaintiffs' home states—have endorsed this procedure. (Order at 7.)

This is true, but irrelevant. In an MDL proceeding such as this, class certification is governed exclusively by the Rule 23 standards and precedents applicable in the transferee court. *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004). The Eighth Circuit has held that a class cannot be certified unless its members are "clearly ascertainable" using "objective criteria." *Sandusky*, 821 F.3d at 997 (class could be ascertained by objective fax logs); *see also McKeage*, 847 F.3d at 998–99 (same for objective customer lists). Whatever merit courts in other Circuits have seen in self-serving affidavits, they are the antithesis of "objective criteria" required by the Eighth Circuit. *See True v. ConAgra Foods, Inc.*, 2011 U.S. Dist. LEXIS 6770, at *16 (W.D. Mo. Jan. 4, 2011) (class ascertained through self-identification "would be based on the vagaries of memory"); *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012) (identification of class members merely "by potential class members' say-so" lacks sufficient "indicia of reliability"). That is especially true in this case, because self-identification *could not possibly* distinguish class members who

received orange juice with the challenged add-backs from those who did not.

## CONCLUSION

For the reasons above, Coca-Cola respectfully requests this Court reconsider its Order granting Plaintiffs' motion to certify Rule 23(c)(4) issues classes.

DATE: August 17, 2017

Respectfully submitted,

*Attorneys for Defendant:*

PATTERSON BELKNAP WEBB & TYLER LLP

/s/ Steven A. Zalesin
Steven A. Zalesin
Travis J. Tu
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336-2000
Fax: (212) 336-2222

John K. Sherk, MO Bar No. 35963
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Phone: (816) 559-2304
Fax: (816) 421-5547

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2017, I filed the foregoing document with the clerk of the court using the court's CM/ECF system, which will serve electronic notice upon all parties of interest.

*/s/ John Sherk*
John K. Sherk