| | |
|---|---|
| **IN RE SIMPLY ORANGE ORANGE JUICE MARKETING AND SALES PRACTICES LITIGATION**<br><br>This Document Relates To: ALL CASES | MDL No. 2361<br><br>Master Case No. 4:12-md-02361-FJG |

## ORDER

Pending before the Court are (1) Plaintiffs' Motion to Compel Discovery from the Coca-Cola Company (Doc. No. 350); (2) Defendant's Motion for Protective Order against Additional Third-Party Discovery (Doc. No. 348); (3) Third Party Firmenich Incorporated's Motion for a Protective Order Prohibiting any Further Discovery from Firmenich (Doc. No. 355); and (4) Third Party Givaudan Flavors Corporation's Motion for a Protective Order Prohibiting any Further Discovery from Givaudan (Doc. No. 367). The Court considers all, below.

**I.   Plaintiffs' Motion to Compel Discovery from the Coca-Cola Company (Doc. No. 350)**

Plaintiffs argue that there are five disputed issues this Court must resolve before discovery proceeds: (1) Are plaintiffs entitled to more documents and information regarding the flavors?; (2) Are plaintiffs entitled to more documents and information regarding the meaning of Coca-Cola's label representations on the orange juice products?; (3) Are plaintiffs entitled to documents sufficient to show volatile levels in the

orange juice products during processing and storage of the juice including but not limited to documents reflecting the results of a mass balance or similar test?; (4) Are plaintiffs entitled to more documents and information regarding FDA's rules and regulations governing the orange juice products, regarding any subsequent changes made to labeling, formulation, or advertising of the orange juice products in response to or following communications with FDA, and any inquiries or responses from any governmental department or other agency concerning the orange juice products?; and (5) Are plaintiffs entitled to custodial files (i.e., ESI) of each witness whom Coca-Cola intends to call in support of its case?  See Doc. No. 351.  Defendant, unsurprisingly, argues that none of the above information is relevant, and even if it was, production of such information is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  For the following reasons, the Court finds in favor of defendant.

      (a)    Are plaintiffs entitled to documents and information regarding the flavors?

Here, with respect to requests for production nos. 1, 4, 8, 17, and interrogatory number 14, plaintiffs are seeking what they describe as documents and communications regarding the design and development, purpose and function of the flavors and Coca-Cola's internal descriptions of the flavors.  Defendant responds that those categories (purpose and function, development and design) are not relevant, and the Court has already denied a similar motion to compel documents concerning the design, development purpose and function of Coca-Cola's add-backs.  See Order, Doc. No. 167.  As noted by defendant, plaintiffs have offered the Court no grounds for reconsideration of its prior order limiting such discovery.  As further discussed by defendant, the reason why it adds the add-back is irrelevant, as the FDA recognizes

that manufacturers may make adjustments to the levels of oil added back to juice to improve the juice's organoleptic characteristics to achieve uniform quality year-round. The Court further finds that any additional discovery on this matter would not be proportional to the needs of this case. Plaintiffs' request is **DENIED.**

>  (b) Are plaintiffs entitled to documents and information regarding the meaning of Coca-Cola's label representations on the orange juice products?

This issue relates to plaintiffs' request for production number 14. Plaintiffs indicate that the meaning of the label representations is relevant as to whether the orange juice products omitted material information from the products' labels. Plaintiffs argue that the consumer's and defendant's own understanding of the label is relevant, for instance, under the MMPA, which defines a "material fact" as one which "would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner." 15 CSR 60-9.010(1)(C). Defendant argues that the meaning of its label representations is not relevant, and plaintiff has already received substantial discovery on this issue in conjunction with class certification discovery. Defendant notes, further, that this Court has already determined that because consumers are likely to interpret the labels differently, reliance, materiality and/or causation cannot be determined on a classwide basis. Defendant also notes it has already produced consumer surveys and market-research studies on its orange juice labels and advertisements. With regard to defendant's subjective intent, moreover, defendant argues that is irrelevant to the issues remaining in this case. The Court declines to reach the issue of relevance at this time; however, the Court finds defendant's remaining reasoning persuasive, and finds that plaintiffs have already received

3

substantial relevant discovery on this matter. Further discovery would not be proportional to the needs of this case. Plaintiff's request is **DENIED.**

>
> (c) Are plaintiffs entitled to documents sufficient to show volatile levels in the orange juice products during processing and storage of the juice including but not limited to documents reflecting the results of a mass balance or similar test?

Plaintiffs' request regarding volatile levels during processing and storage relates to request for production number 23. Plaintiffs argue that this knowledge is relevant to all the questions certified by the Court in its order on class certification. Defendant objects, however, saying that plaintiffs have received substantial discovery regarding volatile levels in the juice products; plaintiffs, however, counter that the volatile levels produced by defendant have been for final products, and plaintiffs argue that they need to know whether the modified orange oils restores natural constituents and/or volatiles, and plaintiffs cannot know this without knowing the starting values. Defendant, however, notes that the FDA recognizes that restoration of volatiles lost in storage is just one reason that manufacturers may adjust the levels of orange pulp, oil, and essence, and that FDA only regulates the levels in the final products. In other words, for a product to be properly labelled under FDA standards, there does not need to be a one-to-one restoration of volatiles in orange juice. The Court agrees with defendant that the volatile levels in the orange juice products during processing and storage of the juice are irrelevant to the issues certified in this matter. Accordingly, plaintiff's request for additional discovery is **DENIED.**

>
> (d) Are plaintiffs entitled to documents and information regarding FDA's rules and regulations governing the orange juice products, regarding any subsequent changes made to labeling, formulation, or advertising of the orange juice products in response to or

4

> following communications with FDA, and any inquiries or responses from any governmental department or other agency concerning the orange juice products?

Plaintiffs' request relates to interrogatory number 11 and requests for production nos. 31-33. Plaintiffs argue that these documents will likely demonstrate that Coca-Cola has taken positions with the FDA that are inconsistent with positions it has taken in this case. Defendant, on the other hand, objects because it previously agreed to produce "final correspondence with governmental entities regarding the marketing and orange juice products to the extent such documents exist and can be located after reasonable search." After such a search, no documents were located. Defendant states that the Court cannot compel production of documents that do not exist. The Court agrees. Accordingly, plaintiffs' request is **DENIED.**

> (e) Are plaintiffs entitled to custodial files (i.e., ESI) of each witness whom Coca-Cola intends to call in support of its case?

This request relates to request for production number 34. Plaintiff states that the custodial files of all witnesses is relevant to all issues in the case, and plaintiff argues that withholding the documents is especially prejudicial in light of defendant's reservation of rights that it may introduce any evidence from any source and testimony from any witness. Defendant argues in response that plaintiffs have not demonstrated that the custodial files are actually relevant to any of the certified issues; instead, they apparently want the materials for impeachment. Defendant indicates that is not a good reason to compel the production of a witness's emails and hard drive. At this time, the Court agrees with defendant; particularly when considering the proportionality concerns outlined in Fed. R. Civ. P. 26(b)(1), where the burden and expense of such production certainly must outweigh the likely benefits of such production in this matter. The Court

however, finds that if plaintiffs are able to show prejudice during the trial, the Court may reconsider and allow a recess if such discovery proves to be necessary. At this time, however, Plaintiffs' request is **DENIED WITHOUT PREJUDICE.**

## II. Motions for Protective Order Regarding Third Party Discovery (Doc. Nos. 348, 355, and 367)

Defendant has moved for a protective order against plaintiffs' requests from third parties Firmenich, Inc. and Givaudan Flavors Corporation. Likewise, each of those third parties have separately moved for a protective order. For the following reasons, those motions will be **GRANTED**.

Defendant notes that plaintiffs' discovery requests were identical to several served in May 2015, and include: (1) "Documents concerning the masking, lessening, reduction, or offsetting of negative flavor or aroma in" the juice products "through the use of Natural Flavors and Artificial Flavors"; (2) "Documents that influence or were considered by you when creating or development Natural Flavors and Artificial Flavors for" the juice products "and internal communications concerning these flavors"; (3) "Produce for inspection the specifications for Natural Flavors and Artificial Flavors sold to Coca-Cola for use in" the juice products; (4) "Documents sufficient to understand the difference(s) between (i) the Natural Flavors or Artificial Flavors added to" the juice products "today and (ii) the Natural Flavors or Artificial Flavors added to" the juice products "at any time in the past or any flavor that was formulated, distilled, created, or developed, but never sold to Coca-Cola"; and (5) "Produce for inspection all internal documents that describe, evaluate, test, and/or analyze your Natural Flavors and Artificial Flavors for" Coca-Cola's orange juice products "including: its purpose;

function; composition; ingredients; and the source of raw material that are used to create the flavors."[1] Doc. No. 349, Exs. G-H.

Defendant argues that the third party discovery is not necessary for the Court to adjudicate the certified issues, noting that plaintiffs have already conceded "we can try the case on the existing record." Oct. 19, 2017 Hearing, Tr. at 22-23. Both Givaudan and Firmenich provided discovery in this case regarding the source, composition, and production methods used to create the add-backs supplied to defendant; specifically, Firmenich provided documents "sufficient to show the composition and source" of the add-backs, "sufficient to explain the general process used to create" the oils/flavors, and corporate representatives who testified regarding the raw materials, as well as the processing steps between the raw materials and the finished flavor products. Givaudan, meanwhile, provided a detailed description of the process it uses to make orange essence and a corporate representative who testified on this topic.

With respect to the remaining topics where plaintiffs seek discovery, defendant indicates those requests are not relevant to the requirements of federal law. With respect to the documents regarding the purpose, development, creation, and function of the flavors, such information is not relevant as to whether the add-backs are permitted under federal law. The Court denied such discovery from Coca-Cola in 2015 (see Doc. No. 167; see also above denying plaintiffs' 2017 discovery requests). Plaintiffs are not entitled to the same information from third parties. Furthermore, the Court notes that requests regarding products never sold to defendant are irrelevant, as are requests regarding add-back sold to defendant during time periods outside those at relevance in

---

[1] The Court notes that the source of raw materials used to create the flavors is relevant; however, this information was already sufficiently produced by the third parties in 2015.

this case. It appears that third parties Firmenich and Givaudan have adequately responded to the relevant issues, which are those which are helpful in determining (1) whether orange essence oil should be considered orange oil or orange essence under the relevant FDA regulations; and (2) whether the processing of the oil and/or flavor components in all defendants' orange juice products makes those components into something other than ordinary orange oil or essence which must be disclosed on the products' labels. See Doc. No. 191 at 2. The Court agrees with defendant and the third parties that the additional discovery requests are irrelevant.

Accordingly, the motions for protective order regarding additional third party discovery (Doc. Nos. 348, 355, and 367) are **GRANTED.**

**IT IS SO ORDERED.**


Date: January 23, 2018             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
            United States District Judge